[Doc. No. 42]

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| LISA CRESS et al., | : |
| Plaintiffs, | : |
| v. | : Civil No. 08-1873 (NLH) |
| CITY OF VENTNOR, et al., | : |
| Defendants. | : |

**OPINION AND ORDER**

This matter is before the Court on the "Motion for Administrative Stay" [Doc. No. 42] filed by Robert P. Merenich, Esquire, counsel for Defendants Egg Harbor Township, Police Officer James Donaldson, Egg Harbor Sergeant Joseph Bonsall and Egg Harbor Lieutenant James Wood. The motion is joined in by the Margate Defendants [Doc. No. 44], the Ventnor Defendants [Doc. No. 47], and Defendant Sean Clancey [Doc. No. 49]. The Court has conducted oral argument on Defendants' motion. Defendants seek a stay of all proceedings in the case pending the completion of Plaintiff Daniel Lombardi's criminal trial. Plaintiffs Lisa Cress, on behalf of herself and her two minor children, and Daniel Lombardi oppose Defendants' Motion [Doc. No. 43]. For the reasons set forth below, Defendants' Motion is DENIED.

**Background**

Plaintiffs allege, inter alia, that Defendants violated their Fourth, Eighth and Fourteenth Amendment rights. Plaintiffs contend that on March 15, 2008, Defendants used excessive force while executing a "no knock" warrant when they detonated three "flash-bang" or concussion

grenades in Plaintiffs' home. (Second Amended Complaint [Doc. No. 31] at ¶¶ 1-2.) Plaintiffs also allege Defendants punched, kicked, and shoved Lombardi's head in broken glass while he was handcuffed, struck Cress in the face with a blunt object, shoved her down a flight of stairs and held minors K.C. and C.C. without allowing them to see their mother. (Id. ¶¶ 4-5.) Subsequently, Lombardi was charged with resisting arrest based on the March 15, 2008 incident. According to the criminal complaint filed against him, Lombardi used or threatened to use physical force or violence against Defendant Donaldson, refused to comply with Donaldson's commands, and laid on the floor with his hands under his body and resisted attempts to be handcuffed. (Def. Opp. Br. [Doc. No. 42-4] at Exhibit B.) According to a letter recently received from defense counsel, Lombardi's criminal trial on the resisting arrest charge was scheduled to begin on February 20, 2009, however, it has been postponed and no rescheduled date has been set. (Doc. Nos. 52 and 53.)

Defendants argue that a stay of this civil case is required because Lombardi's "anticipated conviction may be impugned by a discordant civil ruling." (Def. Rep. Br. [Doc. No. 48] at 2.) According to Defendants, a finding that Lombardi was falsely arrested in the civil proceeding would impugn a possible criminal conviction of resisting arrest. Defendants also argue there will likely be rulings in the criminal proceeding that will relate to Lombardi's excessive force claim. In addition, Defendants argue this case should be stayed until after the criminal trial is completed to avoid any decisions that would be inconsistent with the outcome of the criminal case. (Id. at 3.) Defendants also argue that, without a stay, Lombardi could take advantage of the liberal civil discovery rules to advance his defense in his criminal case where discovery is more limited. (Id. at 2.)

2

Plaintiff opposes a stay arguing that Lombardi is not asserting a false arrest claim, rather an excessive force claim. Plaintiffs argue that Lombardi's potential conviction for resisting arrest will not be impugned by a finding for Lombardi on his excessive force claim in this civil case.

**Discussion**

The stay of a civil proceeding is an extraordinary remedy. Walsh Securities, Inc. v. Cristo Property Management, Ltd., 7 F. Supp. 2d 523, 526 (D.N.J. 1998). However, a court has the discretion to stay a case if the interests of justice so require. U.S. v. Kordel, 397 U.S. 1, 12 n. 27 (1970). A stay of a civil case where there are pending criminal proceedings is not constitutionally required but may be warranted in certain circumstances. Id.; see also Warner v. Kozub, Civil No. 05-2871 (JBS), 2007 WL 162766, at *3 (D.N.J. January 18, 2007) (staying the case pending the outcome of the *pro se* plaintiff's criminal prosecution following plaintiff's invocation of his Fifth Amendment rights throughout discovery). The factors to be considered in deciding whether to grant a stay are:

> 1) the extent to which the issues in the criminal and civil cases overlap; 2) the status of the case, including whether the defendants have been indicted; 3) the plaintiff's interests in proceeding expeditiously weighed against the prejudice to plaintiff caused by a delay; 4) the private interests of and burden on defendants; 5) the interests of the court; and 6) the public interest.

Walsh Securities, 7 F. Supp. 2d at 527.

Under the first Walsh Securities factor, the court must examine the extent to which the issues in the criminal and civil proceedings overlap. Id. In this case, the issues in Lombardi's civil and criminal cases overlap in some but not all aspects. The criminal charge against

3

Lombardi for resisting arrest arises out of the same March 15, 2008 incident which forms the basis of Plaintiffs' Complaint. However, Plaintiffs' claims are much broader than just the arrest of Lombardi. Plaintiffs allege Defendants used excessive force against all four Plaintiffs, not just Lombardi. Thus, although not conclusive, the first Walsh Securities factor weighs in favor of Plaintiffs. A court is less likely to grant a stay if the issues in parallel civil and criminal proceedings do not completely overlap.

According to the court in Walsh Securities, "the strongest case for a stay of discovery in the civil case" is if a criminal indictment has been returned. Id. The return of an indictment is important because the potential for self-incrimination is greatest while the potential harm of delay to civil litigants is reduced due to the promise of a speedy trial. Id. Thus, a court will generally stay a civil proceeding when an indictment has been returned against the proponent of a stay. See In re Par Pharmaceutical, Inc., 133 F.R.D. 12, 13 (S.D.N.Y.1990). No indictment has been returned against Lombardi, although the City of Ventnor issued a criminal complaint against him that has been transferred to Buena Vista to be heard. Unlike when an indictment has been returned, here there is less certainty that Lombardi's criminal trial will begin shortly. Thus, a stay would be indefinite, prejudicing Plaintiffs. Additionally, in the typical case the criminal defendant moves for a stay to protect his Fifth Amendment rights. But here, the criminal defendant, Lombardi, is willing to forgo that right. Because in this instance it is the Defendants who moved for a stay and a stay would be indefinite, the second Walsh Securities factor weighs in Plaintiff's favor.[1]

---

[1] The Court assumes that because Lombardi does not request a stay that he will not be asserting his Fifth Amendment right in this civil case. However, if Lombardi asserts his Fifth Amendment privilege during discovery, this is a relevant factor the Court will analyze to

As to the third <u>Walsh Securities</u> factor, Lombardi clearly has an interest in the expeditious resolution of his civil action. Additionally, Lombardi is not the only plaintiff in the case. Cress and her two minor children also have an interest in the timely resolution of the case. Clearly they would be prejudiced if the action is indefinitely stayed pending the resolution of Lombardi's criminal case. The third factor weighs against granting a stay.

In connection with the fourth <u>Walsh Securities</u> factor, the burden on the defendants, Defendants argue that without a stay they may have to engage in unnecessary discovery because if Lombardi is ultimately convicted, some of Plaintiff's claims may be barred. As discussed <u>infra</u>, the Court is not convinced that Lombardi's conviction for resisting arrest would preclude all of Plaintiffs' civil claims. Additionally, Defendants' burden of possibly engaging in unnecessary discovery is outweighed by the prejudice the Plaintiffs would suffer if their civil case is stayed indefinitely.

Defendants also argue that without a stay the criminal case against Lombardi may be prejudiced because Lombardi can conduct broad discovery in the civil case which could be used to advance his defense in his criminal case. The Court recognizes that Lombardi has the opportunity to use the liberal discovery procedures in his civil case to gather evidence that he might not otherwise be entitled to under the applicable rules of criminal procedure. However, a court can use its authority in managing civil discovery to prevent a criminal defendant from using civil discovery to evade the limited criminal discovery rules. <u>See</u> <u>Degen v. United States</u>, 517 US 820, 825-28 (1996). If it appears to the Court that Plaintiffs are not conducting discovery primarily for the civil case, but instead for the purpose of defending Lombardi's criminal

---

determine if the denial of Defendants' motion to stay should be reconsidered.

charges, the Court can take appropriate action to delay, limit or postpone discovery. Thus, Defendants' interests can still be protected while permitting this civil case to proceed.

As to the fifth Walsh Securities factor, the Court has an interest in judicial efficiency in terms of managing its caseload. See Walsh Securities, 7 F. Supp.2d at 528. Currently, a trial date has not been rescheduled in Lombardi's criminal case. Therefore, a stay of the case at this time would be indefinite. This factor weighs against granting a stay.

The last Walsh Securities factor to consider is whether a civil case involves a matter of significant public interest. For example, "[c]ourts have denied stays where the civil case, brought by a government agency, was intended to protect the public by halting the distribution of mislabeled drugs ..., or the dissemination of misleading information to the investing public . . ." Walsh Securities, 7 F. Supp.2d at 529 (citations omitted). In this case, this factor is not dispositive because Plaintiffs do not allege an urgent harm to the general public in their Complaint. However, if Plaintiffs' allegations are true, they raise an issue that is legitimately a matter of public concern.

After considering the Walsh Securities factors, the Court exercises its discretion to find that the extraordinary remedy of staying the case is not warranted. Although there is some overlap between this case and Lombardi's criminal case, the issues and parties are not co-extensive. Further, no matter how Lombardi's criminal case resolves, the claims of Cress and her children will proceed. It is not insignificant to the Court that three Plaintiffs, two of whom are children, are not the subject of any criminal charges. Further, Plaintiffs' allegations, if proven, are serious and involve Plaintiffs' constitutional rights. These rights should not be subject to an indefinite stay based on a criminal case that will not be determinative on Plaintiffs'

civil claims. Further, unlike the typical case, the criminal defendant (Lombardi) is not moving for a stay. In addition, because there is no date certain for Lombardi's criminal trial the Court believes the interests of justice weigh in favor of denying Defendants' motion to stay.

Defendants argue the case should be stayed pursuant to the Supreme Court's decisions in Heck v. Humphry, 512 U.S. 477 (1994) and Wallace v. Kato, 549 U.S. 384 (2007). In Heck, the Supreme Court held that an individual is not entitled to relief pursuant to 42 U.S.C. § 1983, where such relief would imply that a criminal conviction or sentence based on the same events was invalid. 512 U.S. at 486-87. Later, in Wallace, the Supreme Court rejected the argument that "an action which would impugn an anticipated future conviction cannot be brought until that conviction is set aside" as exceeding the Court's holding in Heck. 549 U.S. at 393 ("the Heck rule for deferred accrual is called into play only when there exists a conviction or sentence that has not been . . . invalidated") (internal citations omitted). The Court noted in dicta, that when an indicted plaintiff files a §1983 claim relating to rulings that will likely be made in a pending criminal trial "it is within the power of the district court to stay the civil action until the criminal case or the likelihood of a criminal case is ended." Wallace, 549 U.S. at 393.

The Court does not agree with Defendants' argument that Wallace requires the Court to enter a stay. In Wallace, the Supreme Court did not create a mandatory duty to stay a civil action in all instances when a related criminal action is pending. Instead the Supreme Court held that this decision is within the district court's discretion. Id. at 393 ("it is within the power of the district court" to stay a civil action). The purpose of staying a federal civil action until the resolution of a related criminal matter is to give the federal court the opportunity to determine whether the federal civil claim is barred by Heck if there is a criminal conviction. However, as

7

discussed infra, here there is no need to stay the civil case until Lombardi's criminal trial concludes. This is true because even if Lombardi is convicted of resisting arrest, a finding in this case that Defendants used excessive force would not necessarily impugn Lombardi's conviction and would not be barred under Heck.

Defendants argue that a finding in Plaintiffs' civil case that Defendants used excessive force may impugn a possible future resisting arrest conviction against Lombardi. In Heck, "the Supreme Court intended to demonstrate that a civil suit for an unreasonable seizure predicated on false arrest would be barred so long as a conviction for resisting the same arrest remained unimpaired." Nelson v. Jashurek, 109 F.3d 142, 145-46 (3d Cir.1997). However, courts have rejected the argument that Heck bars a claim for excessive force when the plaintiff was convicted of resisting arrest because "it is possible for a finding that [plaintiff] was resisting arrest to coexist with a finding that the police used excessive force to subdue him." Id. at 146 (reversing district court's grant of defendant's motion for summary judgment); see also Lora-Pena v. F.B.I., 529 F.3d 503, 506 (3d Cir. 2008) (finding plaintiff's conviction for resisting arrest would not be inconsistent with a holding that the officers used excessive force during a lawful arrest); Owens v. City of Atlantic City, C.A. No. 05-3132, 2008 WL 4205797, at *3 (D.N.J. Sept. 8, 2008) (NLH) (finding no Heck bar to plaintiff's excessive force claim when plaintiff was convicted of resisting arrest); James v. York County Police Dep't, 167 F. Supp. 2d 719, 721 (M.D. Pa 2001) (denying dismissal of plaintiff's excessive force claim).

In Nelson, the plaintiff was convicted under a Pennsylvania criminal statute for resisting arrest. He brought a civil suit alleging the defendant police officer used excessive force when executing the arrest. In reversing the district court's grant of summary judgment in favor of the

8

defendant, the Third Circuit distinguished Heck, noting that Nelson did not allege false arrest, but rather that the defendant effectuated a lawful arrest in an unlawful manner. Id. at 145-46. The court found plaintiff's claim was not barred under Heck because a judgment in plaintiff's favor "would not throw the validity of his conviction into doubt." Id. at 146.  Similarly, in James the plaintiff filed a §1983 suit alleging the county police violated his constitutional rights and claimed, inter alia, the police used excessive force during his arrest and conducted an unlawful search and seizure of his person during the arrest.  While the plaintiff had not yet been charged with resisting arrest the court, citing Nelson, reasoned that even if the plaintiff were charged with resisting arrest his claim of excessive force would not necessarily conflict with the conviction. 167 F. Supp. 2d at 721.   Thus, the court found that plaintiff's claim of excessive force had accrued and should not be dismissed, and it refused to stay the action. Id. at 722.

   Courts in this district have subsequently held that the Nelson decision applies in cases where the plaintiff is convicted or charged under a New Jersey criminal statute for resisting arrest. See Owens, 2008 WL 4205797, at *3. In Owens, the plaintiff pled guilty to a New Jersey resisting arrest charge but brought a civil suit alleging the defendant used excessive force when executing his arrest. 2008 WL 4205797, at *3   Relying on the Third Circuit's decision in Nelson, the court denied the defendant's motion for summary judgment and rejected the argument that the excessive force claim was barred by Heck. Id.   Here, as in Nelson, James and Owens, the Court finds that a determination that the Defendants' used excessive force would not necessarily impugn a conviction against Lombardi for resisting arrest. Thus, Lombardi's excessive force claim is not barred under Heck.  The Court also notes that Defendants' argument based on Heck only applies to Lombardi.  Even if the Court agreed with Defendants' Heck

9

argument, which it does not, the criminal charge as to Lombardi does not bar the claims of Cress and her children.

The Court also rejects Defendants' argument that it should stay the case based on the principles of Younger v. Harris, 401 U.S. 37 (1971). Younger "established that federal courts should abstain from enjoining state criminal prosecutions, because of principles of comity and federalism, unless certain extraordinary circumstances exist." Marran v. Marran, 376 F.3d 143, 154 (3d Cir. 2004). However, "[a] federal court will only consider Younger abstention when the requested equitable relief would constitute federal interference in state judicial or quasi-judicial proceedings." Marks v. Stinson, 19 F.3d 873, 883 (3d Cir.1994). "By contrast, where federal proceedings parallel but do not interfere with the state proceedings, the principles of comity underlying Younger abstention are not implicated." Gwynedd Properties, Inc. v. Lower Gwynedd Tp. 970 F.2d 1195, 1201 (3d Cir. 1992). As stated supra, at this stage in the case the Court finds that allowing the parties to proceed with this federal litigation will not interfere with the State's criminal case against Lombardi.

In conclusion, the Court finds that this case should not be stayed because of the pending criminal charges against Lombardi. Accordingly, for all of the foregoing reasons,

IT IS on this 18th day of March 2009 hereby

ORDERED that Defendants' Motion for Administrative Stay is DENIED.

/s/ Joel Schneider
JOEL SCHNEIDER
United States Magistrate Judge