**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| LISA CRESS,<br>on behalf of herself, and as<br>GUARDIAN FOR MINOR K.C. and<br>as GUARDIAN FOR MINOR C.C.,<br>and DANIEL LOMBARDI,<br><br>Plaintiffs/Counter-<br>Defendants,<br><br>    v.<br><br>VENTNOR CITY, ATLANTIC<br>COUNTY, THEODORE BERGMAN,<br>DOUGLAS BIAGI, MICHAEL<br>MILLER, SCHALLUS, JOHN DOE<br>#1-10(MASKED MEN IN BLACK),<br>EGG HARBOR TOWNSHIP, JAMES<br>DONALDSON, JOSEPH BONSALL,<br>JAY WOODS, JASON RZEMYK,<br>JAMES SHARKEY, SEAN CLANCEY,<br>FRANK CULMONE, FRANCISCO<br>CORREA, DAVE DRUDING, STEVEN<br>SWANKOSKI, and TIM COLELLA,<br><br>Defendants/Cross-<br>Claimants/Cross-Defendants. | CIVIL NO. 08-1873(NLH)(AMD)<br><br>**MEMORANDUM<br>OPINION & ORDER** |

**APPEARANCES:**

COURTNEY ERIN BLACK
JENNIFER ANN BONJEAN
BONJEAN LAW GROUP PLLC
142 Joralemon Street, 5A
BROOKLYN, NY 11201

    On behalf of plaintiffs

THOMAS B. REYNOLDS
REYNOLDS, DRAKE, WRIGHT & MARCZYK
29 NORTH SHORE ROAD
ABSECON, NJ 08201

      On behalf of Ventnor City, Theodore Bergman, Douglas Biagi,
      Michael Miller, Schallus

ROBERT P. MERENICH
GEMMEL, TODD & MERENICH, P.A.
767 SHORE ROAD
P.O. BOX 296
LINWOOD, NJ 08221

    On behalf of Egg Harbor Township, James Donaldson, Joseph Bonsall, Jay Woods, Jason Rzemyk, Dave Druding, Steven Swankoski, Tim Colella

JAMES T. DUGAN
ATLANTIC COUNTY DEPARTMENT OF LAW
1333 ATLANTIC AVENUE
8TH FLOOR
ATLANTIC CITY, NJ 08401

    On behalf of Atlantic County and James Sharkey

**HILLMAN,** District Judge

    In this case involving allegations of constitutional violations by defendant police officers in connection with the execution of a "no-knock" search warrant executed at night upon plaintiffs at their home, presently before the Court is the motion of plaintiffs to unseal the identities and deposition testimony of two confidential informants, who purportedly provided the probable cause for the search warrant; and

    Previously, the Court having granted plaintiffs' request to take the depositions of the two confidential informants; and

    Plaintiffs having deposed the confidential informants, and that testimony, along with their identities, currently remains under seal; and

    Plaintiffs now requesting that the confidential informants'

2

identities and the transcripts of their depositions be unsealed; and

Defendants having opposed plaintiffs' motion; and

The Court having reviewed the deposition transcripts; and

The Court recognizing that "unwarranted disclosure of government informers poses a very real threat to the continued vitality of the principle" of the informer's privilege, Cashen v. Spann, 334 A.2d 8, 15 (N.J. 1975), cert. denied, 423 U.S. 829 (1975); but

The Court also recognizing that where the disclosure of a confidential informant's identity is "is essential to a fair determination of a cause, the privilege must give way," Roviaro v. United States, 353 U.S. 53, 61 (1957); and

The Court having previously balanced the competing interests, as set forth in Cashen, when allowing plaintiffs to take the depositions of the confidential informants; and

The Court again considering those interests with regard to plaintiffs' current request to unseal the identities of the confidential informants and the content of their deposition testimony in order to support their claims;

Consequently,

IT IS HEREBY on this ____13th____ day of June, 2012

ORDERED that plaintiffs' motion to unseal [133, 134] is GRANTED IN PART AND DENIED IN PART, as follows:

3

1.   The deposition transcripts of the two confidential
     informants shall be unsealed, except that

     a.   The names and any other identifying information of
          the two informants shall be redacted and remain
          under seal,[1] and

     b.   The testimony of CI2 regarding prior cooperation
          with law enforcement unrelated to this case shall be
          redacted and remain under seal.

2.   The determination of whether the confidential informants'
     identities will remain sealed for purposes of trial will
     be determined in pretrial hearings should the case
     proceed to trial.


                                   s/ Noel L. Hillman
                                  _____

At Camden, New Jersey             NOEL L. HILLMAN, U.S.D.J.

---

[1]The parties are directed to meet or confer and to agree on
redacted transcripts consistent with the terms of this Order.

4