IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| LISA CRESS,<br>on behalf of herself, and as<br>GUARDIAN FOR MINOR K.C. and<br>as GUARDIAN FOR MINOR C.C.,<br>and DANIEL LOMBARDI,<br><br>Plaintiffs,<br><br>        v.<br><br>VENTNOR CITY, THEORDORE<br>BERGMAN, MICHAEL MILLER, and<br>JASON RZEMYK,<br><br>Defendants. | CIVIL NO. 08-1873(NLH)(AMD)<br><br>**MEMORANDUM<br>OPINION & ORDER** |

**APPEARANCES:**

COURTNEY ERIN BLACK
JENNIFER ANN BONJEAN
BONJEAN LAW GROUP PLLC
142 JORALEMON STREET, 5A
BROOKLYN, NY 11201

    On behalf of plaintiffs

STEVEN M. HORN
REYNOLDS & HORN
29 NORTH SHORE ROAD
ABSECON, NJ 08201

    On behalf of Ventnor City, Theordore Bergman, Michael Miller,
    and Jason Rzemyk

**HILLMAN**, District Judge

    In this case involving allegations of constitutional violations by defendant police officers in connection with the execution of a "no-knock" search warrant executed at night upon plaintiffs at their home, presently before the Court is the issue

of whether to reveal the identities of two trial witnesses who purportedly served as confidential informants, and who purportedly provided the probable cause for the search warrant; and

 The Court having held a Federal Evidence Rule 104 hearing, at which the Court addressed the main issue of whether CI-1 or CI-2 were actually confidential informants entitled to protection; and

 At the Rule 104 hearing, the two purported confidential informants having testified that they did not act as confidential informants with regard to plaintiff Lombardi; and

 The Court therefore finding that the interests as set forth in <u>Cashen v. Spann</u>, 334 A.2d 8, 16 (N.J. 1975) with regard to the protection of the informer's privilege not to be applicable in this case because there are no "informers"; and

 For the reasons also expressed on the record,

 IT IS HEREBY on this __20th__ day of February, 2013

 ORDERED that the identities of the two witnesses identified as CI-1 and CI-2 are not entitled to protection, and, accordingly, their names and identities may be revealed; and it is further

 ORDERED that the Court's prior Orders requiring the redaction and sealing of documents in order to conceal these individuals' identities are VACATED.

At Camden, New Jersey      <u>s/ Noel L. Hillman</u>
              NOEL L. HILLMAN, U.S.D.J.